UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VAAMBEE YANG and YEE X. YANG, | Case No. 13-CV-2026 (PJS/JSM) |
| Plaintiffs, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| Defendant. | |

Vaambee Yang and Yee X. Yang, pro se.

Mark G. Schroeder, BRIGGS & MORGAN, P.A., for defendant.

Plaintiffs Vaambee Yang and Yee X. Yang brought this action to invalidate the foreclosure of the mortgage on their property.  Plaintiffs assert three claims against defendant Federal National Mortgage Association:  (1) a quiet-title claim — i.e., a claim to determine adverse claims under Minn. Stat. § 559.01; (2) a claim for a declaratory judgment; and (3) a claim for slander of title.  This matter is before the Court on the objection of plaintiffs to the December 27, 2013 Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron.  In that R&R, Judge Mayeron recommends dismissing each of plaintiffs' claims.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court adopts the R&R and overrules the objection for two reasons.

First, plaintiffs' objection to Judge Mayeron's R&R was filed by attorney William B. Butler.  But Butler cannot represent plaintiffs before this Court.  Butler was suspended from the practice of law before the United States Court of Appeals for the Eighth Circuit on December 26, 2013.  *See In re Butler*, No. 13-9013 (8th Cir. Dec. 26, 2013) (order of suspension).  As a result,

Butler was automatically suspended from the practice of law before this Court. *See* D. Minn. L.R. 83.6(b)(1) ("Unless otherwise ordered by this Court, any such attorney who has been temporarily or permanently prohibited from practicing law by order of any other court, whether by suspension, revocation, or disbarment, shall automatically forfeit his or her right to practice law before this Court during the same period that such attorney has been prohibited from practicing law by such other court."). Butler filed plaintiffs' objection on January 10, 2014 — that is, two weeks after he was suspended from practicing law before this Court. Accordingly, plaintiffs' objection is not properly before the Court.

Second, even if the Court were to consider the objection, it would find that the objection was meritless. As explained in the R&R, plaintiffs' arguments regarding pleading standards and burdens of proof with respect to quiet-title claims were squarely rejected by the Eighth Circuit in *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 549 (8th Cir. 2013). *See also Gharwal v. Fed. Nat'l Mortg. Ass'n*, No. 13-CV-0685, 2013 WL 4838904, at *3 (D. Minn. Sep. 11, 2013) (rejecting identical arguments). Federal pleading standards apply to plaintiffs' complaint, and thus the complaint must allege a plausible basis for believing that defendant's asserted interest in their property is invalid. *Id*. Largely for the reasons explained in the R&R, the Court finds that the complaint fails to assert a plausible quiet-title claim. *See* R&R at 10-14 [ECF No. 20]. Likewise, the Court finds that plaintiffs have failed to plausibly plead that defendant acted maliciously in publishing false statements concerning their property — an essential element of their slander-of-title claim. *See* R&R at 19-20; *Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000) (setting forth elements for slander-of-title claim). Finally, in light of the dismissal of plaintiffs' substantive claims, the claim for a declaratory judgment must

be dismissed as well.  *See Weavewood, Inc. v. S & P Home Invs., LLC*, 821 N.W.2d 576, 579 (Minn. 2012) ("[T]he underlying substantive law . . . forms the foundation for a declaratory judgment action.").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiffs' objection [ECF No. 21] and ADOPTS the December 27, 2013 R&R [ECF No. 20].  Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss [ECF No. 9] is GRANTED.
2. The complaint [ECF No. 1] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 21, 2014   s/Patrick J. Schiltz
                          Patrick J. Schiltz
                          United States District Judge